# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| DaJUAN BENSON, | 2:18-cv-13747-TGB-MKM |
| Plaintiff, | HON. TERRENCE G. BERG |
| v. | ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE |
| PAUL CORRIE, KITTLE, | |
| Defendants. | |

Plaintiff DaJuan Benson was a pretrial detainee at the Washtenaw County Jail in Ann Arbor, Michigan when he filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 challenging the constitutionality of his detention. ECF No. 1. Specifically, Plaintiff alleges defendants Washtenaw County Deputy Sheriff Paul Corrie and another deputy sheriff identified only by the surname Kittle showed the complaining witness a photo line-up that consisted of Plaintiff's photo only. It appears this eyewitness identification contributed to Plaintiff's

1

arrest and detention. Plaintiff alleges that the eyewitness identification procedure violated state and federal constitutional requirements, including his right to due process, and departed from law enforcement policy. As relief, Plaintiff requests the Court to order that the state criminal proceedings against him be dismissed. Less than two months after Plaintiff filed this lawsuit, however he entered a guilty plea to one of the charged crimes. Accordingly, he is now a state prisoner.[1]

## DISCUSSION

Under the Prison Litigation Reform Act of 1996, federal district courts must screen an indigent prisoner's complaint and dismiss "any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant immune from such relief." *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A and 42 U.S.C. § 1997e). A complaint is frivolous if it lacks an arguable basis in law or in fact, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and subject to dismissal for failure to state a claim if the

---

[1] The Sixth Circuit has also stated "*Heck* applies to suits filed by pretrial detainees." *Adams v. Morris*, 90 F. App'x 856, 858 (6th Cir. 2004).

2

allegations, taken as true, show the plaintiff is not entitled to relief. *Jones v. Bock*, 549 U.S. 199, 215 (2007).

Here, Plaintiff's suit is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) because under that case "a state prisoner cannot bring a § 1983 action directly challenging his confinement until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has otherwise been called into question by a federal court's issuance of a writ of habeas corpus." *Adams*, 90 F. App'x at 857. Further, in *Edwards v. Balisok*, 520 U.S. 641 (1997), the Supreme Court extended *Heck* to bar § 1983 actions "that do not directly challenge confinement but instead challenge procedures which necessarily imply unlawful confinement." *Adams*, 90 F. App'x at 858 (citation omitted).

Because Plaintiff's confinement has not been successfully challenged by any of the procedures listed in *Heck*, his claims are not cognizable under § 1983 and this Court cannot grant him any relief under that statute. It is therefore ordered that the Complaint (ECF

No.1) is **DISMISSED WITHOUT PREJUDICE** because Plaintiff has not made the required showing under *Heck*.

**SO ORDERED**.

Dated: January 31, 2019

>s/Terrence G. Berg
>TERRENCE G. BERG
>UNITED STATES DISTRICT JUDGE

**Certificate of Service**

I hereby certify that this Order was electronically submitted on January 31, 2019, using the CM/ECF system, which will send notification to all parties.

>s/A. Chubb
>Case Manager

